# EXHIBIT 1

KOREIN TILLERY

*Attorneys at Law*

One U.S. Bank Plaza
505 North 7th Street, Suite 3600
St. Louis, MO  63101-1625

www.KoreinTillery.com

Garrett Broshuis
Gbroshuis@KoreinTillery.com
*p:  (314) 241-4844*
*f:  (314) 241-3525*

November 5, 2015                                           *Via Email*

Elise M. Bloom
Proskauer Rose LLP
Eleven Times Square
New York, NY  10036

**Re:** *Wyckoff v. Office of the Commissioner of Baseball, et al.* **(No. 15 Civ. 5186 (PGG))**

Dear Counsel:

This letter addresses two items: the Fair Labor Standards Act ("FLSA") portion of your upcoming motion to dismiss, and tolling of the putative collective's FLSA claims.

*Defendants' Motion to Dismiss.* In your September 29, 2015 letter requesting a pre-motion conference, you indicated that you would move to partially dismiss Mr. Wyckoff's wage-and-hour claims on two grounds: (1) that Mr. Wyckoff lacks standing "to sue the 29 Clubs that never employed him," and (2) that Mr. Wyckoff fails to state a claim for relief under the FLSA against the 29 MLB franchises that did not employ him.

We now write to confirm that Mr. Wyckoff brings his FLSA claims only against MLB and the Kansas City Royals—Mr. Wyckoff's FLSA claims do not extend to the other 29 MLB franchises.[1] Thus, Mr. Wyckoff concedes the FLSA issues addressed in your September 29 letter, and Defendants' bases for moving to partially dismiss the FLSA claims have been eliminated. Plaintiffs reserve the right, however, to seek leave to amend to add additional plaintiffs with FLSA claims against the other 29 MLB franchises. Plaintiffs also reserve the right to move for conditional certification and the issuance of judicial notice to a collective encompassing all MLB scouts jointly employed by MLB (regardless of the franchise) pursuant to 29 U.S.C. § 216(b).

---

[1] Plaintiffs' antitrust claims, of course, are brought against all Defendants.

*Tolling of the Collective's FLSA claims*. On October 16, 2015, Plaintiffs proposed tolling the putative collective's FLSA claims from September 29, 2015 until 60 days after the resolution of Defendants' motion to dismiss. Almost three weeks have passed, and Defendants have not even responded to the proposal. During the parties' initial Court conference last week, Defendants indicated that they would be open to tolling the collective's claims against the Royals. Such a position, however, is too narrow, as it would not protect scouts' potential claims against MLB. We thus ask that Defendants please confirm that the tolling would extend not only to Royals' scouts, but to all scouts who Plaintiffs allege are jointly employed by MLB (regardless of MLB franchise). Plaintiffs agree that the tolling would not cover claims that potential opt-in scouts may have against the other individual MLB franchises.

If the parties cannot reach a prompt tolling agreement, then Plaintiffs request that Defendants agree to undertake limited discovery during the pendency of the motion to dismiss; the discovery would be aimed solely at determining whether and which MLB scouts are similarly situated under 29 U.S.C. § 216(b). After all, if a tolling agreement cannot be reached, then Plaintiffs will need to promptly move for judicial notice to the proposed collective in order to protect the rights of the proposed collective.

We are available to discuss either of these matters further if needed. We ask for a response to the tolling portion of this letter by November 10, 2015.


Sincerely,

/s/ *Garrett Broshuis*


Garrett Broshuis